## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01406

FABIOLA MUNOZ, an Individual, and
ACCESS 4 ALL, INC., a Florida Non-Profit Corporation

        Plaintiffs,

vs.

CYHAWK HOSPITALITY, INC., an Iowa Corporation, and
SEGURA INVESTORS X LLC, a Delaware Limited Liability Company

        Defendants.

_____/

---

# COMPLAINT

---

Plaintiffs, FABIOLA MUNOZ, an individual, and ACCESS 4 ALL, INC., a Florida Non-Profit Corporation ("Plaintiffs" or "Plaintiffs"), on their behalf and on behalf of all other-mobility impaired individuals similarly situated hereby sues the Defendants, CYHAWK HOSPITALITY, INC., an Iowa Corporation, and SEGURA INVESTORS X LLC, a Delaware Limited Liability Company ("Defendants"), for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* ("ADA") and the Colorado Anti-Discrimination Act, C. R. S. § 24-34-601 *et seq.* ("CADA").

### The Parties

1.    Plaintiff, FABIOLA MUNOZ, is an individual over eighteen years of age and is otherwise sui juris. Although a resident of Florida, Ms. Munoz spends extensive time throughout the year in Colorado, both for pleasure and for matters pertaining to the operation of Access 4 All,

Inc.

2.      Plaintiff, ACCESS 4 ALL, INC., is a non-profit corporation with a mission of ensuring enjoyment and equal access for disabled persons in all places of public accommodation. This entity was formed under the laws of the State of Florida and remains in good standing.

3.      Defendant, CYHAWK HOSPITALITY, INC., an Iowa Corporation, owns, leases, leases to, or operates a place of public accommodation, alleged by the Plaintiffs to be operating in violation of Title III of the ADA and the CADA.

4.      Defendant, SEGURA INVESTORS X LLC, a Delaware Limited Liability Company, owns, leases, leases to, or operates a place of public accommodation, alleged by the Plaintiffs to be operating in violation of Title III of the ADA and the CADA.

<strong><u>Jurisdiction and Venue</u></strong>

5.      Defendants' property is a restaurant, known as Perkins Restaurant and Bakery ("Perkins"), and adjacent parking lot located at 3295 E. Platte Boulevard, Colorado Springs, Colorado 80909, in El Paso County ("Subject Property").

6.      Venue is properly located in the District of Colorado because venue lies in the judicial district of the property situs.  The Defendants' property is located in and does business within this judicial district.

7.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.[1]

8.      Jurisdiction over the state law claim vests with this Court pursuant to 28 U.S.C §

---

[1] *See, also*, 28 U.S.C. § 2201 and 28 U.S.C. § 2202

1367.

9.      The Defendant, CYHAWK HOSPITALITY, INC., owns and/or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA.  The Defendant is thus required to comply with the obligations of the ADA.[2]

10.     The Defendant, SEGURA INVESTORS X LLC, owns and/or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA.  The Defendant is thus required to comply with the obligations of the ADA.[3]

11.     Plaintiff, FABIOLA MUNOZ, is an individual with disabilities as defined by and pursuant to the ADA.  Ms. Munoz is a paraplegic, with no use of her lower extremities, stemming from a severe spine injury and therefore has a physical impairment that substantially limits many of her major life activities[4] including, but not limited to, not being able to walk or stand. Ms. Munoz requires the use of a wheelchair to ambulate. Ms. Munoz is a member of Plaintiff organization Access 4 All, Inc.

12.     Plaintiff organization, ACCESS 4 ALL, INC., is comprised of individuals with disabilities, as defined by the ADA. The primary purpose of this organization is to represent the interest of its members by ensuring that they are not discriminated against at places of public accommodation.

**<u>Factual Context</u>**

13.     Ms. Munoz is a staunch advocate of the ADA. Since becoming aware of her rights, and their constant infringement, she has dedicated her life to this cause so that she, and others like

---

[2] 28 C.F.R. § 36.201(a) and 28 C.F.R. § 36.104
[3] 28 C.F.R. § 36.201(a) and 28 C.F.R. § 36.104
[4] as defined by 28 C.F.R. § 36.105(b)(1-2)

her, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers.

14.     Ms. Munoz encounters architectural barriers at many of the places she visits. Seemingly trivial architectural features such as parking spaces, ramps, and door handles are taken for granted by the non-disabled but, when implemented improperly, are cumbersome, arduous, and even dangerous for her and other wheelchair users.

15.     The barriers to access that Ms. Munoz experiences at differing places of public accommodation are similar in nature. For example, she is repeatedly faced with sloping in parking lots, cracks in sidewalks and asphalt, and improper restrooms and water closets (even when designated "accessible" or "handicapped"). She is often angered and disheartened by the repetitiveness of the complaints she is forced to make to employees and management, to no avail. Ms. Munoz is fully aware that the only way to affect change is through the ADA.

16.     Ms. Munoz has visited the Subject Property on multiple occasions, her most recent visit occurred on or about April 15, 2022.  On this occasion Ms. Munoz visited the Subject Property as a bone fide purchaser to avail herself of the goods and services offered to the public within but found that the Subject Property contained many violations of the ADA, both architecturally and in policy.

17.     The Subject Property is not the type of restaurant that requires reservations, but Ms. Munoz intends to return on or about August 1, 2022, and on or about November 1, 2022, during her next visits to the Colorado Springs area - where she is a frequent traveler, and regularly conducts business pertaining to Access 4 All, Inc. She intends to revisit the Subject Property not only as a bone fide purchaser but also to monitor any progress made with to respect to ADA compliance.

18.     Ms. Munoz has personally encountered exposure to architectural barriers and otherwise harmful conditions that have endangered her safety at the Subject Property.

19.     The ADA has been law for over thirty (30) years and the Subject Property remains non-compliant. Thus, the Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination by the Defendants.

20.     Ms. Munoz has a realistic, credible, existing, and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property, as described, but not necessarily limited to, the barriers she has personally experienced which are listed in paragraph 26 of this Complaint.

21.     Following any resolution of this matter Ms. Munoz will ensure that the Subject Property undertakes the remedial work that is required under the appropriate standard and is compliant with the ADA. This reinspection will occur as set forth in the parties' settlement agreement or as ordered by this Court.

## COUNT I
### Violation of Title III of the
### Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

22.     The Plaintiffs reallege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

23.     The Defendants have discriminated against the Plaintiffs, and others similarly situated, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property, as prohibited by the ADA.

24.     A preliminary ADA inspection of the Defendants' property has shown that violations of the ADAAG and the 2010 ADA Standards currently exist.

25.     The remediation of all violations/barriers listed in paragraph 26 are readily achievable.

26.     The following are architectural barriers and violations of the ADA that Ms. Munoz has personally encountered during her visits to the Subject Property:

**Accessible Parking**

a.  The accessible parking spaces located at the Subject Property lack clear and level access aisles, contain sloping and cross-sloping beyond the allowable limts, are not located on firm, stable, and level slip-resistant surfaces, and are not located on the nearest, most direct accessible route from parking to access the facility entrances. There barriers are violations of the ADAAG and Section 502 of the 2010 ADA Standards.  The lack of adequate parking and access aisles has forced Ms. Munoz to park in open areas of the parking lot where she can freely access her vehicle; she must travel through the vehicular area of the parking lot to reach the restaurant.

b.  The Subject Property contains insufficient accessible parking signs, in violation of ADAAG Section 4.6 and Section 502 of the 2010 ADA Standards.

c.  The Subject Property does not provide the required amount of compliant accessible parking spaces, in violation of ADAAG and Section 502 of the 2010 ADA Standards. Due to the lack of accessible parking Ms. Munoz has been forced to park away from the restaurant to ensure that she could freely and safely access her vehicle. The table located within Section 208.2 of the 2010 ADA Standards illustrates the required number of accessible parking spaces/van parking spaces and access aisles/van access aisles; this number is based upon the total count of parking spaces located at the Subject Property.

**Entrance Access and Exterior Paths of Travel**

    d.   Curb ramps provided at the Subject Property do not comply with the ADAAG or the 2010 ADA Standards and are unsafe for use by Ms. Munoz. The existing curb ramps contain excessive sloping and cross-sloping, and abrupt changes of level; in violation of ADAAG and Sections 405 and 406 of the 2010 ADA Standards. These ramps and curb ramps are located along the exterior accessible route and Ms. Munoz is forced to navigate through tipping hazards and obstacles which could cause damage to her wheelchair.

    e.   There is no compliant route from transit, sidewalks, or parking areas to access Perkins at the Subject Property. The accessible routes contain hazardous conditions such as abrupt changes of level, sloping beyond the allowable limits, gaps in the concrete/asphalt, and an overall failure to provide a safe accessible route to the ramps and curb ramps, a violation of ADAAG Sections 4.1.2, 4.3, 4.7 as well as 4.8 and Sections 302.3, 402, 403, 405, 405.8, 406 of the 2010 ADA Standards.  When traveling from the parking lot to the building along the exterior accessible route Ms. Munoz is forced travel around the above obstacles (which present a tipping hazard) and into the traffic area of the parking lot which puts her in danger of encountering moving vehicles.

    f.   The Subject Property fails to provide a safe, compliant, and accessible route to the street or sidewalk; in violation of ADAAG and Section 206.2.1 of the 2010 ADA Standards. Due to this barrier Ms. Munoz could not access the Subject Property from those areas, limiting her options for access.

**Access to Goods and Services**

g.  Perkins fails to provide the requisite number of accessible dining tables in violation of ADAAG and Section 902 of the 2010 ADA Standards. Due to the lack of accessible tables Ms. Munoz has been unable to dine in a comfortable manner.

**Restrooms**

h.  The restrooms provided within Perkins are not ADA compliant and are unsafe for use by Ms. Munoz.  The barriers to access personally experienced by Ms. Munoz within the restrooms include inaccessible water closets which lack proper controls, improper centerlines, improperly mounted grab bars, improperly mounted dispensers, and a lack of clear floor space; in violation of ADAAG and Section 601 of the 2010 ADA Standards.

i.  Grab bars within the restroom are improperly mounted, a violation of ADAAG and Sections 604 and 609 of the 2010 ADA Standards. Ms. Munoz could not safely/freely use the restroom due to the improper location of the grab bars.

j.  The restrooms within Pikes Perk contain improper centerlines for the water closets and flush controls which are mounted on the wall-side; a violation of ADAAG and Section 604 of the 2010 ADA Standards.  Improper centerlines make toilet transfer exceedingly difficult; thus Ms. Munoz has been unable to make full use of these restrooms without assistance. Flush controls mounted on the wall-side of a toilet are inaccessible to Ms. Munoz and those in wheelchairs, flush controls are required to be mounted on the open side.

k.  Coat hooks and storage areas are improperly located/mounted which prevented Ms. Munoz from accessing them; this is a violation of the ADAAG and the 2010 ADA Standards.

l.  Due to improper stall door hardware Ms. Munoz could not access the restroom doors

without assistance; a violation of the ADAAG and Section 604 the 2010 ADA Standards. Stalls doors are required to be self-closing.

27.     Each of the foregoing violations is also a violation of the ADA Standards for Accessible Design, originally published on July 26, 1991 and republished as Appendix D to 28 C.F.R. part 36 ("1991 Standards"); the "2004 ADAAG", which refers to ADA Chapter 1, ADA Chapter 2, and Chapters 3 through 10 of the Americans with Disabilities Act and the Architectural Barriers Act Accessibility Guidelines, which were issued by the Access Board on July 23, 2004 and codified at 36 C.F.R. § 1191, appendix B and D; and the 2010 Standards for Accessible Design ("2010 ADA Standards"), as promulgated by the U.S. Department of Justice.[5]

28.     The discriminatory violations described in paragraph 26 may not be an exhaustive list of the ADA violations that exist at the Subject Property, but they are the result of a preliminary inspection conducted by the Plaintiffs' expert and include all those personally experienced by Ms. Munoz.   Plaintiffs require a more thorough inspection of the Defendants' place of public accommodation to photograph and measure the architectural barriers which exist at the Subject Property and violate the ADA.

29.     Ms. Munoz, and all others similarly situated, will continue to suffer discrimination, injury and damage without the immediate relief provided for by the ADA and requested herein.

30.     Defendants have discriminated against Ms. Munoz, and all those similarly situated, by denying her/them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or

_____

[5] 28 C.F.R. § 36.104

commercial facility in violation of the ADA.

31.     Defendants continue to discriminate against Ms. Munoz, and all those similarly-situated, by failing to remove architectural barriers, and communication barriers that are structural in nature.[6]

32.     Defendants continue to discriminate against Ms. Munoz, and all those similarly-situated, by failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.[7]

33.     Defendants continue to discriminate against Ms. Munoz, and all those similarly situated, by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.[8]

34.     If the Defendants' facility is one which was designed and constructed for first occupancy after January 26, 1993[9] then the Defendants' facility must be readily accessible to and useable by individuals with disabilities in accordance with the 1991 Standards.

35.     Pursuant to 28 C.F.R. § 36.304(a)(1) "any alteration" made to the Subject Property after January 26, 1992, must have been made so as to ensure that, to the maximum extent feasible, the altered portions of the Subject Property are readily accessible to and usable by individuals with disabilities, including individuals, like Ms. Munoz, who use wheelchairs. An alteration is deemed

---

[6] 42 U.S.C. § 12181(b)(2)(A)(iv)

[7] 42 U.S.C. § 12181(b)(2)(A)(ii)

[8] 42 U.S.C. § 12181(b)(2)(A)(iii)

[9] as defined by 28 C.F.R. § 36.401(a)(2)

to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.[10]

36.     Pursuant to 28 C.F.R. § 36.304(a) Defendants shall remove all existing architectural barriers, including communication barriers that are structural in nature, where such removal is readily achievable.

37.     28 C.F.R. § 36.304(d)(2)(i) controls with respect to the corresponding technical and scoping specification to which each element at the Subject Property must comply with or be modified to meet. Those are defined as follows:

    a.     Elements that have not been altered since on or after March 15, 2012, must comply with the 1991 Standards.

    b.     Elements that have existed prior to and have not been altered since on or after March 15, 2012 that do not comply with the 1991 Standards must be modified (to the extent readily achievable) to comply with either the 1991 Standards or the 2010 Standards.

    c.     Elements that have been altered on or after March 15, 2012 that do not comply with the 1991 Standards must be modified (to the extent readily achievable) to comply with the 2010 Standards.

38.     Plaintiffs are not required to notify Defendants of their violation of the ADA nor their ongoing discrimination prior to the filing of this action. To that end, Plaintiffs have found that voicing concerns to employees and management, making phone calls, and writing letters is futile. In their experience the only way to spur action and achieve the accessibility required under

---

[10] 28 C.F.R. § 36.402(a)(2)

the law is to file matters, like this one, and pray for the relief contained herein.

39.     Ms. Munoz is without adequate remedy at law and is suffering irreparable harm, including bodily injury consisting of emotional distress, mental anguish, suffering, and humiliation.  Considering the balance of hardships between the Plaintiffs and the Defendants, a remedy in equity is warranted.  The public interest would not be disserved by the issuance of a permanent injunction.

40.     Pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505, Plaintiffs are entitled to recovery of attorney's fees, costs, and litigation expenses from the Defendants.

41.     Pursuant to 42 U.S.C. § 12188(a)(2), this Court is provided with authority to grant Ms. Munoz injunctive relief, including an order to require the Defendants to alter the Subject Property and make the Subject Property readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the Subject Property until such time as the Defendants cure their violations of the ADA.[11]

**WHEREFORE,** Plaintiffs respectfully request:

a.      The Court issue a Declaratory Judgment determining that the Defendants are in violation of Title III of the ADA.

b.      Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications

---

[11] 42 U.S.C. § 12188(b)(2)

are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.      An award of attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

d.      Such other relief as the Court deems just and proper and is allowable under Title III of the Americans with Disabilities Act.

## COUNT II

**Violation of Colorado Anti-Discrimination Act,**
**C.S.R. § 24-34-601 *et seq*. (CADA)**

42.     The Plaintiffs reallege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

43.     Fabiola Munoz is a disabled individual as defined by C.S.R. § 24-34-301(2.5).

44.     Defendants' facility is a place of public accommodation as defined by C.S.R. § 24-34-601(1).

45.     Colorado law provides that no person shall be discriminated against in regard to public accommodations on the basis of disability.[12]

46.     Pursuant to C.S.R. § 24-34-602(1) Ms. Munoz is authorized to bring a private action in any court of competent jurisdiction and to receive monetary damages.

---

[12] C.S.R. § 24-34-601(2)(b)

47.     Pursuant to C. S. R. § 24-34-602(1)(b) a person who violates provisions of the CADA based on a disability "shall be subject to the provisions of section 24-34-802." C. S. R. § 24-34-802 allows for a court order requiring compliance with the provisions of the violated section of the CADA, recovery of actual monetary damages, a statutory fine not to exceed three thousand five hundred dollars ($3,500.00), and an award of attorney fees and costs.

48.     Pursuant to C.S.R. § 24-34-604 claims alleging violations of the CADA must be brought within sixty days (60) of the alleged discriminatory act, Ms. Munoz has done so here.

49.     Pursuant to 3 CCR 708-1:60.1(A); the CADA, "is substantially equivalent to Federal law, as set forth in the Americans with Disabilities Act, as amended, and the Fair Housing Act concerning disability."

50.     Pursuant to C.S.R. § 24-34-802(4); "a court that hears civil suits pursuant to this section shall apply the same standards and defenses that are available under the federal 'American with Disabilities Act of 1990', 42 U.S.C. § 12101 et seq., and its related amendments and implementing regulations."

51.     As set forth above, Defendants have violated the Colorado Anti-Discrimination Act by denying Ms. Munoz, and all other disabled individuals, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations afford to the public at a place of public accommodation.

52.     As a result of the aforementioned discrimination through repeated exposure to architectural barriers and other harmful conditions, Ms. Munoz has sustained bodily injury in the form of emotional distress, mental anguish, suffering and humiliation.

**WHEREFORE**, Plaintiffs respectfully request:

a.      That this Court assume jurisdiction.

14

b.      The Court issue a Declaratory Judgment determining that the Defendants are in violation of the CADA.

c.      An injunction ordering Defendants to comply with the CADA.

d.      An award of monetary damages to Ms. Munoz; to the maximum extent permitted.

e.      Reasonable attorney's fees and costs.

f.      An Order requiring the Defendants to maintain the required accessible features at the Subject Property.

g.      Other relief that this Court deems just and proper; and is allowable under the CADA.

Respectfully submitted on this 3rd day of June 2022,

/s/ Jon G. Shadinger Jr.
Jon G. Shadinger Jr., Esq.
Shadinger Law, LLC
717 E. Elmer Street, Suite 7
Vineland, NJ 08360
Phone (609) 319-5399
Fax (314) 898-0458
js@shadingerlaw.com
*Attorney for Plaintiffs, Fabiola Munoz
and Access 4 All, Inc.*